THOMPSON (MELLUS v.). See Case No. 9,-405.

---

## Case No. 13,968.

THOMPSON et al. v. MENDELSOHN.

[5 Fish. Pat. Cas. 187;[1] 28 Leg. Int. 388; 8 Phila. 166; 19 Pittsb. Leg. J. 83.]

Circuit Court, E. D. Pennsylvania. Nov. 28, 1871.

PATENTS—WHEN SUIT BROUGHT—EFFECTUAL RELIEF.

1. A suit in equity for the infringement of letters patent may be brought in the circuit court for any district in which the defendant may be found, although the infringement has been committed in another district, in which the defendant resides.

2. The process of the court is primarily directed against the person of the wrong-doer, and it is no sufficient reason against the court to award it, that it may not furnish to the plaintiff effectual relief, or that its operation may be evaded by the defendant.

Motion for provisional injunction.

Suit brought [by George Thompson and the Pennsylvania Salt Company against Samuel Mendelsohn] upon letters patent [No. 15,957] for "improvement in devices for putting up caustic alkalies," granted to George Thompson, and more particularly referred to in the reports of the cases of Pennsylvania Salt Co. v. Gugenheim [Case No. 10,934], and Pennsylvania Salt Co. v. Thomas [Id. 10,956]. Since the decision of the latter case, the pat-

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

ent had been extended for seven years, from October 21, 1870 [Nos. 2,570 and 2,571]. The defendant resided in the city of New Orleans, and was engaged in the business of putting up and selling caustic alkali in that place. He was served with process while passing through the city of Philadelphia.

George Harding, for complainant.

George H. Earle, T. M. Marshall, and T. C. Lazear, for defendant.

McKENNAN, Circuit Judge. This is a motion for a preliminary injunction. The patent set up in the bill has been twice contested in suits brought in the circuit court for this district, upon substantially the same grounds stated in the answer of the respondent here, and it was sustained. For all the purposes of the present motion then, the plaintiff's title must be taken as established; and, as infringement is not denied, the plaintiffs would seem to be entitled to a preliminary injunction.

But the answer alleges that the respondent is resident in the state of Louisiana, and that the infringement of the plaintiffs' patent has been committed there, and not in the Eastern district of Pennsylvania. It is therefore urged that this court has no power to grant the injunction.

The patent laws confer exclusive jurisdiction upon the circuit courts of all suits, in law or equity, for invasion of the rights of inventors under them, and the judiciary act expressly authorizes such suits to be brought and process to be served upon defendants in any district in which they may be found. The conclusion is inevitable that where these conditions are complied with, the court has power to afford such measure of protection to the plaintiffs' rights as it is competent to afford in any case, of the subject matter of which it has jurisdiction, and in which the parties are before it by the due service of process. Certainly by no act of congress is this power restricted by the fact of the defendant's residence in another district, or that the wrong imputed to him was not committed in the district in which the suit is brought. The process of the court is primarily directed against the person of the wrongdoer, and it is no sufficient reason against the power of the court to award it, that it may not furnish to the plaintiffs effectual relief, or that its operation may be evaded by the defendant.

The bill was filed in the circuit court for the Eastern district of Pennsylvania; the defendant, Mendelsohn, was found there, and was there duly served with the subpœna. He is, therefore, subject to all such decrees as the court may adjudge to be necessary for the due administration of equity. The preliminary injunction against him is awarded.

[For other cases involving this patent, see note to Pennsylvania Salt Co. v. Gugenheim, Case No. 10,954.]